UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YESENIA RIVERA GABRIEL,

Petitioner,

v.

ANTHONY JAMES LAVISON,

Respondent.

CASE NO. 2:22-cv-00006-TL

ORDER ON PETITIONER'S MOTION FOR EX PARTE IMMEDIATE TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

This matter is before the Court on Petitioner's Motion for Ex Parte Immediate Temporary Restraining Order and Order to Show Cause. Dkt. #9.

Where a party requests a temporary restraining order ("TRO") *ex parte*—"without written or oral notice to the adverse party or its attorney"—the court may grant the TRO only

> if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Further, this Court's local rules require that "[u]nless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all

motion papers on the opposing party before or contemporaneously with the filing of the motion and include a certificate of service with the motion." LCR 65(b)(1).

In her verified petition and by a sworn declaration supporting her motion, Petitioner has alleged immediate and irreparable harm arising from Respondent removing their 3-year-old son, J.E.L.R, from his habitual residence in Mexico and retaining the child in Monroe, Washington, in violation of her lawful custody rights. Dkt. 7 and 11. In addition, Petitioner has set forth facts in her sworn declaration that there is some risk that Respondent will flee the jurisdiction with the child. There can be little doubt that a child's wrongful removal, depriving a parent and the child of the parent-child relationship, would have an immediate and harmful effect on the child, and the continued wrongful retention of the child would continue to harm both the parent and the child. That such continuing harm may require preliminary relief has been recognized by Congress which authorized courts to "take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004(a).

Petitioner's counsel further has certified in writing the efforts made to provide Respondent with notice of the motion by email as well as by telephone and/or text message. Dkt. 12.

Having reviewed the motion and the remainder of the record, it is hereby:

1. ORDERED that Respondent Anthony James Lavison is prohibited from removing the child or directly or indirectly allowing the child to be removed from the Western District of Washington until further order of the Court. This restriction shall automatically expire at midnight on January 28, 2022, unless specifically extended by further order of the Court.

2.  ORDERED, upon a finding that there is no reasonable likelihood of harm to Respondent from being wrongfully enjoined, that Petitioner shall not be required to give security under Rule 65(c). *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003). *See also Pac. Woodtech Corp. v. Semsak*, 2:19-CV-01984-BJR, 2019 WL 8503310, at *3 (W.D. Wash. Dec. 6, 2019).

3.  ORDERED that **Respondent is to appear before this Court on Friday, January 28, 2022, at 10:00 a.m.** to show cause, if any he has, why:

   a.  he should not be prohibited from removing the child or allowing the child to be removed from this Court's jurisdiction during the pendency of these proceedings;

   b.  this Court should not order him to allow Petitioner daily video chat access with the child for a period of no less than two (2) hours per day, to be initiated by the Respondent each and every day at 5:00 p.m PST;

   c.  this Court should not require him to post a bond of no less than $25,000.00;

   d.  this Court should not schedule a hearing on the merits of this petition on an expedited basis.

4.  ORDERED that Petitioner is to personally serve a copy of this Order on Respondent within five days of the date of this order and provide this Court with proof of service.

In accordance with this District's General Order No. 01-22, the above referenced hearing will be conducted virtually, via Zoom, using the following link: https://wawd-uscourts.zoomgov.com/j/1612090070?pwd=V0JGUGx4SmVwN04wR2RFQkZKVU9sdz09. Alternately, if any party or parties are unable to access this Zoom link, they can attend by phone by calling 1-669-254-5252 and entering Meeting ID: 161 209 0070. This virtual hearing

information is specific to the hearing scheduled herein and is not available for any other purposes.

Dated this 14th day of January, 2022.

Tana Lin
United States District Judge

ORDER ON PETITIONER'S MOTION FOR EX PARTE IMMEDIATE TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE - 4