UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YESENIA RIVERA GABRIEL,<br><br>　　　　　　　　Petitioner,<br>　　v.<br><br>ANTHONY JAMES LAVISON,<br><br>　　　　　　　　Respondent. | CASE NO. 2:22-cv-00006-TL<br><br>ORDER MODIFYING AND EXTENDING TEMPORARY RESTRAINING ORDER |

　　　Having held a hearing on this matter, the Court modifies and extends its Order on Petitioner's Motion for Ex Parte Immediate Temporary Restraining Order and Order to Show Cause. Dkt. No. 15.

　　　On January 12, 2022, Petitioner filed a Motion for Ex Parte Immediate Temporary Restraining Order and Order to Show Cause seeking a court order:

- prohibiting Respondent from removing the minor child from Snohomish County and from the jurisdiction of this Court;

ORDER MODIFYING AND EXTENDING TEMPORARY RESTRAINING ORDER - 1

- prohibiting Respondent from permitting any third party from removing or assisting in removing the minor child from Snohomish County and from the jurisdiction of this Court;
- requiring daily video chat access between Petitioner and her child for a period of no less than two (2) hours to be initiated by the Respondent at 5:00 P.M. PST each day;
- requiring Respondent to post a bond in an amount of no less than $25,000;
- waiving Petitioner's obligation to post a security bond per the Federal Rules of Civil Procedure; and
- requiring expedited proceedings on the merits of the petition.

On January 14, 2022, the Court issued a temporary restraining order ("TRO") prohibiting Respondent from removing the child or allowing the child to be removed from this Court's jurisdiction, waiving Petitioner's bond requirement, and setting a show cause hearing to address Petitioner's request for additional injunctive relief and to set a schedule for hearing the petition on the merits. Dkt. No. 15. The TRO hearing was held via Zoom on January 28, 2022 at 10:00 A.M. Both parties were present at the hearing; Petitioner appearing through counsel and Respondent appearing *pro se*.

Provisional remedies are authorized under the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention")[1] and its implementing federal statute[2] "as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004(a).

---

[1] Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 89 (effective July 1, 1988) [hereinafter Hauge Convention].

[2] The International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq*.

ORDER MODIFYING AND EXTENDING TEMPORARY RESTRAINING ORDER - 2

To obtain a TRO in federal court, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Methinx Ent., LLC v. Ent. Magpie Ltd.*, No. 2:21-CV-01049-RAJ, 2021 WL 3510378, at *1 (W.D. Wash. Aug. 10, 2021) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that preliminary injunction and temporary restraining order standards are "substantially identical"). However, where the "balance of hardships . . . tips sharply towards the plaintiff," a plaintiff need only show "serious questions going to the merits," rather than likelihood of success on the merits. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (quotation marks and citation omitted). In either scenario, the moving party bears the burden of persuasion and must make a clear showing that she is entitled to such relief. *Winter*, 555 U.S. at 22.

## ORDER

For the reasons stated in this Court's previous Order, Dkt. No. 15, and upon agreement of the parties, the Court hereby ORDERS the following:

1. The previously granted TRO prohibiting Respondent from removing the child or allowing the child to be removed by a third party from this Court's jurisdiction is EXTENDED for the pendency of this action.

2. The Court GRANTS, IN PART AND DENIES, IN PART, Petitioner's request for daily video chat sessions with the child. The Court DENIES the request for the chats to be required to last two hours given the age of the child. However, the Court ORDERS Respondent to initiate a

ORDER MODIFYING AND EXTENDING TEMPORARY RESTRAINING ORDER - 3

video chat session between Petitioner and the child every day at 6:00 P.M. PST, which will last for no less than one (1) hour each day for the pendency of this action.

3.     At this time, and as long as Respondent remains cooperative with the Court and the Petitioner, the Court DENIES Petitioner's request that Respondent post a bond in an amount of no less than $25,000. The Court also notes that requiring Respondent to post a bond as security for Petitioner's litigation costs and fees is inappropriate under the Convention. Hauge Convention, *supra* note 1, at Art. 22 ("No security, bond or deposit, however described, shall be required to guarantee the payment of costs and expenses in the judicial or administrative proceedings falling within the scope of this Convention.").

4.     Respondent shall have two (2) weeks in which to secure legal representation, within which time Respondent or Respondent's counsel shall confer with Petitioner's counsel to prepare a jointly proposed scheduling order to be filed with the Court by no later than **February 11, 2022**.

Should the parties pursue resolution of this matter through mediation, the Court further ORDERS that Respondent will be responsible for any mediation costs, per the parties' agreement.

This Order shall remain in effect through the pendency of this action unless altered by further order of the Court.

Respondent having appeared *pro se*, the Clerk is directed to serve a copy of this Order upon Respondent by email at alavison@gmail.com and send a physical copy via U.S. mail to 351 Polk Ln., Unit C, Monroe, WA 98272.

Dated this 28th day of January, 2022.

Tana Lin
United States District Judge

ORDER MODIFYING AND EXTENDING TEMPORARY RESTRAINING ORDER - 4