UNITED STATES DISTRICT COURT
for the

Western District of Washington

| | |
|---|---|
| In re the Application of:<br><br>Yesenia Rivera Gabriel,<br>   *Petitioner*<br>and<br><br>Anthony James Lavison,<br>    Respondent. | Civil Action No. 2:22-cv-00006 TL<br><br>RESPONSE TO PETITION FOR RETURN OF CHILDREN UNDER THE CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION |

COMES NOW the Respondent, Anthony James Lavison, and responds to the Petition as follows:

### I. Introduction

1. I agree that this action is brought by Yesenia Rivera Gabriel, a citizen of Mexico, regarding the return of the parties' child, JELR, age 3

1.2 I deny that the child was "wrongfully removed" from Mexico. I agree that I am the child's father, and that I brought him to Snohomish County, State of Washington, in the United States.

1.3 I agree that this Petition purports to be filed pursuant to the Convention on the Civil Aspects of International Child Abduction done at the Hague on 25 October 1980, (hereinafter, "the Convention"), which went into force between the United States of America and Mexico on

RESPONSE TO PETITION FOR RETURN OF CHILD
UNDER HAGUE CONVENTION
Page **1** of **12**

**Anthony James Lavison**
351 Polk Lane, Apt. C
Monroe, WA 98272
p: 971-217-1746

or about October 1, 1991.

1.4  I agree.

1.5  I agree.

1.6  I deny that the Convention authorizes a federal district court to determine the merits of a claim under the Hague Convention and assert that that authority is granted through ICARA, The International Child Abduction Remedies Act.

## II.  Jurisdiction and Venue

2.1   I agree that this court has jurisdiction over this case, and that venue is proper

## III. Status of Petitioner and Child

3.1  I agree that the named parties are the parents of the minor child referenced herein.

3.2  Admit.

3.3   Aver that the father signed an Acknowledgement of Paternity, which is why he is on the child's birth certificate.

3.4.  Admit.

3.5  Admit.

3.6  Admit.

3.7  Admit.

3.8  Admit.

3.9  Lack information to admit or deny.

3.10 Admit.

3.11   Admit in part and deny in part. Admit that Petitioner became pregnant in October of 2017.  Deny that Respondent has ever been physically abusive to Petitioner, or has threatened her.  Aver that she is making up these allegations in order to garner sympathy for her case.

RESPONSE TO PETITION FOR RETURN OF CHILD
UNDER HAGUE CONVENTION
Page **2** of **12**

**Anthony James Lavison**
351 Polk Lane, Apt. C
Monroe, WA 98272
p: 971-217-1746

3.12  Denied. Aver that Respondent has not physically harmed or threatened Petitioner.

3.13  Admit in part and deny in part.  Admit that the parties began living with Petitioner's parents at the request of the petitioner.  Deny that it was due to any abuse or the Respondent's employment situation. The petitioner expressed feeling depressed and claustrophobic due to the apartment being on the bottom floor with only 1 window providing natural sunlight. Also the petitioner's family offered the petitioner and the respondent to live in their home rent free to save money during the pregnancy.

3.14  Deny that Respondent was jealous and possessive. Admit that after moving to a new country Respondent felt moments of anxiety and depression.

3.15  Deny that Respondent was physically abusive to Petitioner.

3.16  Admit in part and deny in part. Admit that at this point both parties planned to live in Mexico. Deny that respondent ever persuaded petitioner to use her funds to pay for birth.  Aver that both parties wanted the child to be born in the United States.

3.17  Admit in part and deny in part. Admit that respondent had brief employment at Toyota in fall of 2017. Deny the original plan was for the maternal grandmother, Maria Guadalupe Gabriel to provide childcare upon the birth of the child. Maria Guadalupe Gabriel was still employed at this time with only consideration of retirement in the future.

3.18  Admit in part and deny in part. Admit respondent ended employment with Toyota in July 2018 but only at the request of petitioner Rivera who insisted her employment at Evirocorp/Labrie proved too lucrative in comparison. Deny that respondent Lavison showed little interest in working outside the home, petitioner Rivera and Respondent Lavison mutually agreed to Mr. Lavison being the stay at home parent per the request of petitioner.

3.19  Admit.

RESPONSE TO PETITION FOR RETURN OF CHILD
UNDER HAGUE CONVENTION
Page **3** of **12**

**Anthony James Lavison**
351 Polk Lane, Apt. C
Monroe, WA 98272
p: 971-217-1746

3.20  Admit.

3.21  Admit in part, deny in part, and lack information.  Respondent is not aware of how much maternity leave Petitioner received. Admit that Respondent was the primary stay-at-home parent, and aver that this was by agreement of the parties. Admit that respondent did travel to Washington for work between 2019 and 2021 and also received financial support from his mother. Deny the couple relied on petitioner's salary for bulk of income.

3.22  Admit.

3.23 Admit in part and Deny in part. Admit that respondent traveled to Washington several times in 2019 for work sending money via Xoom while also providing funds upon returning to San Luis. Deny that the couple continued to rely upon petitioner's income for bulk of finances. Admit that due to Petitioner's demeaning comments and behavior respondent at times felt depressed.

3.24  Admit.

3.25  Deny.

3.26  Admit, and aver that Petitioner's actions were abrupt and erratic, and that Respondent was the primary residential parent of the child, and that Petitioner did not consider the close bond between them in making this decision.

3.27  Admit that Respondent visited the Petitioner and the child in February 2020. Deny that he was abusive and disrespectful, or that he was inappropriate with J.E.L.R.  Admit that Respondent wanted to remain involved with J.E.L.R. Admit that Respondent continued to provide care for the child, even when Petitioner was not at work.

3.28 Admit that respondent returned to Washington but only did so at the request of the petitioner after discovering Petitioner Rivera's new relationship. Respondent was lead to believe

RESPONSE TO PETITION FOR RETURN OF CHILD
UNDER HAGUE CONVENTION
Page **4** of **12**

**Anthony James Lavison**
351 Polk Lane, Apt. C
Monroe, WA 98272
p: 971-217-1746

the couple's relationship was to be reconciled.

3.29  Admit. Respondent sought brief solitude to reflect and process the current state of affairs while also returning to work landscaping.

3.30  Admit.

3.31 Admit.

3.32  Admit.

3.33  Admit in part and deny in part.  Admit that Respondent returned to San Luis and shared Petitioner's home and provided half of all food and child supply cost. Deny that Respondent did not contribute to utilities or other living expenses. Upon returning, Respondent Lavison and Petitioner Rivera mutually agreed to split all cost of utilities such as cable, electricity, water, CNG and gasoline for the vehicle. Petitioner stated she did not want help making house payments since it was to be her house.

3.34  Admit in part deny in part. Admit Respondent returned to his parent's in Washington to work and accumulate money to provide for J.E.L.R and himself upon his scheduled return to San Luis. Respondent returned to stay with Petitioner and J.E.L.R. Until February 1, 2021 in which he again returned to his parent's in Washington to work, sending $1,993.00 MXN February 5, 2021.

3.35 Admit.

3.36  Admit.

3.37  Admit.

3.38  Admit in part and deny in part.  Admit that Respondent and his mother attended the festivities. Deny that they left abruptly without saying goodnight. Aver that Petitioner and the Respondent and the Respondent's mother had a lengthy conversation about J.E.L.R's upcoming

RESPONSE TO PETITION FOR RETURN OF CHILD
UNDER HAGUE CONVENTION
Page **5** of **12**

**Anthony James Lavison**
351 Polk Lane, Apt. C
Monroe, WA 98272
p: 971-217-1746

trip to the U.S.A.

3.39  Admit in part and deny in part. Admit that Respondent hadn't sent or received messages prior to 12:00pm due to his phone battery depleting, forgetting his phone charger at Petitioner's home Respondent bought a replacement once arriving into the U.S.A.

3.40  Deny.

3.41  Lack information.

3.42  Deny and aver that Petitioner had consented that Respondent and his mother could bring the child home with them to Washington for a visit.

3.43  Admit in part and lack information regarding Petitioner's ability to cross the border. Aver that the Petitioner had consented to a visit of undetermined duration with the father.

3.44  Lack information, and aver that the visit was of an undetermined duration, with no stated time limit.

3.45  Lack information.

3.46  Deny. Petitioner called only one day 7/14/2021 thru WhatsApp but due to tending to J.E.L.R. Respondent missed the call. Respondent Lavison initiated contact 7/30/2021thru WhatsApp

3.47 Deny. Petitioner had only inquired on a possible time frame for J.E.L.R's return, Respondent expressed concern for J.E.L.R due to escalating gun violence and cartel presence in San Luis. This was a common concern for Respondent since 2019 and the subject of many disagreements

3.48  Deny. In September 2021 Petitioner declared she would be arriving to take J.E.L.R. Respondent expressed grave concern towards J.E.L.R.'s safety in San Luis after learning of a public assassination near Petitioner's family home on Ave Mexico 23 y 24. On May 10, 2021 2

RESPONSE TO PETITION FOR RETURN OF CHILD
UNDER HAGUE CONVENTION
Page **6** of **12**

**Anthony James Lavison**
351 Polk Lane, Apt. C
Monroe, WA 98272
p: 971-217-1746

individuals were publicly executed in a drive by shooting in front of Hooro Casino in Plaza La Herradura. Hooro Casino is next to and shares a parking lot with Calimax, the grocery store Petitioner and her family frequent weekly for groceries.

3.49  Lack information about what Petitioner thought

3.50  Admit. Aver that Respondent had expressed in previous messages his concern for J.E.L.R.'s Safety and exposure to cartel violence upon returning to San Luis Rio Colorado.

**3.51**  Admit and aver. Admit that Respondent was expecting the arrival of Petitioner to his parent's home. Aver that Respondent had not been informed or had any knowledge the Petitioner would be arriving with anyone other than herself.

**3.52** Lack of information and aver. Aver that respondent and J.E.L.R. Were at the local grocery store when Petitioner arrived. Respondent's father called and informed him that Petitioner had arrived with 2 large unidentified men and was concerned about their intentions.

3.53 Admit.

3.54 Admit and aver. Admit that Respondent indicated no further contact for the time being to seek legal counsel and to protect J.E.L.R. Aver that respondent was cautious of Petitioner and the 2 unknown individuals she arrived with to take J.E.L.R. , Petitioner did not acknowledged or identify who the 2 individuals were.

3.55  Admit and aver. Admit that Petitioner sent messages and Respondent waited to reply until he could receive legal counsel. Aver Respondent again voiced immense concern for the safety of J.E.L.R. If he Were to return to the danger of San Luis and also not knowing the individuals accompanying the Petitioner.

3.56 Deny. Respondent and Petitioner mutually agreed to a legal parenting plan.

3.57 Lack information.

RESPONSE TO PETITION FOR RETURN OF CHILD
UNDER HAGUE CONVENTION
Page **7** of **12**

**Anthony James Lavison**
351 Polk Lane, Apt. C
Monroe, WA 98272
p: 971-217-1746

3.58  Admit in part and deny in part. Admit that Respondent stood his position that the child not return to San Luis at this time due to extreme violence. That Respondent suggested for petitioner to consider residing in the U.S.A. And offered to help Petitioner to the best of his abilities. That at this time Respondent was still weary to meet due to unknown individuals with Petitioner. Deny that there was any obligation to be a housewife or any other relationship in exchange for Respondent's help for Petitioner to relocate.

3.59 Admit and aver. Admit that Respondent agreed to meet petitioner. Aver that Respondent and Respondent's mother Brenda Lavison did attempt to meet petitioner Rivera with J.E.L.R. To the motel in which they believed Petitioner to be staying. Petitioner did not acknowledge Respondent's messages about being outside with the child and did not appear.

3.60  Lack information

3.61  Lack information.

3.62  Lack of information.

3.63 Deny, Respondent had initiated regular video calls between J.E.L.R. And Petitioner.

3.64 Deny. For most of J.E.L.R.'s life, he resided with both parties, and Respondent was his primary caretaker, and primary source of emotional support, since he was a stay-at-home parent while Petitioner went to work, until she told him that he could not return home.

3.65  Deny as to characterization. Aver that a parent living at home with a child is not a babysitter or child care provider; he is a parent performing parental duties.  He performed those duties also when Petitioner was not at work. It is about this issue that Petitioner constantly demeaned Respondent and which resulted in family discord.  Respondent contributed financially to J.E.L.R.'s  welfare and upbringing by making several trips to Washington for employment and with the help of his mother Brenda Lavison anytime he was at home parenting.

RESPONSE TO PETITION FOR RETURN OF CHILD
UNDER HAGUE CONVENTION
Page **8** of **12**

**Anthony James Lavison**
351 Polk Lane, Apt. C
Monroe, WA 98272
p: 971-217-1746

3.66  Admit that Mexico is the child's habitual residence. Aver that Petitioner consented to his removal to Washington State and acquiesced thereafter in his remaining here.

3.67.  Admit in part and deny in part. Deny that J.E.L.R.'s removal was wrongful. Admit that for a short period he resided solely with Petitioner, but prior to that lived with both parents together, with Respondent as his primary care provider.

3.68  Deny.

**IV.  Wrongful Removal/Retention of Child; Claim for Relief**

4.1     Admit.

4.2     Deny, and aver that Respondent removed J.E.L.R. with the consent of Petitioner.

4.3     Deny and aver that Petitioner gave consent for the removal of the child.

4.4     Deny and aver that Petitioner gave consent for the removal of the child and then acquiesced in his remaining in the United States.

4.5     Deny, due to the Petitioner's consent.

4.6     Admit.

4.7     Admit.

4.8.    Admit,

4.9     Admit that the Convention applies to children under the age of 16. Deny that Petitioner did not consent and/or acquiesce for the child to come to the United States with the Respondent.

**V.  Provisional Remedies**
**(42 U.S.C. § 11604 and Hague Convention , Article 16)**

5.1     Admit.

5.2     Lack information.

RESPONSE TO PETITION FOR RETURN OF CHILD
UNDER HAGUE CONVENTION
Page **9** of **12**

**Anthony James Lavison**
351 Polk Lane, Apt. C
Monroe, WA 98272
p: 971-217-1746

5.3     Respondent has no objection to the court restraining him from removing the child from the State of Washington and the jurisdiction of this court, and has no intention of doing so.

Respondent asks that the court set a hearing and briefing schedule for trial to determine whether or not to dismiss the Petition, as the Petitioner gave her consent to the child staying with the father in Washington for an indefinite period of time.

5.4     Respondent requests more time than three weeks for a trial on the merits, as he has been unable to secure counsel on short notice.

### VI.  Attorney's Fees and Costs (42 U.S.C. §11607)

27.     Respondent has no actual knowledge that Petitioner has incurred attorney's fees. In any event, attorney's fees should be denied, as the cited section authorizes the payment of fees to a prevailing requesting party, and Petitioner has brought this case under false pretenses.

28.     Deny that this section "requires" the court to order the payment of fees and costs. This section applies only if the court orders the return of the child, and further authorizes the court to deny such costs in appropriate circumstances even if the child is ordered to be returned.

### VII. Notice of Hearing (42 U.S.C. §11603)

29.     Admitted

### VIII. Relief Requested

WHEREFORE. Respondent requests that the relief requested by Petitioner be DENIED and that her Petition be dismissed with prejudice, as the Petitioner consented and acquiesced in the child coming to Washington State with Respondent, and later changed her mind and has escalated and become hostile, including inventing false accusations regarding the relationship between the parties.

### IX.  Certification And Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is support by existed law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

Date: November 2, 2021

_____
Anthony James Lavison, Respondent
351 Polk Lane, Apt C
Monroe, WA  98272
971-217-1746
alavison@gmail.com

### XI.  Verification

I declare under penalty of perjury under the laws of the state of Washington that the facts I have provided in this document (and any attachments) are true.

Signed at_Monroe_, WA on January 28, 2022

Anthony Lavison
_____
Anthony Lavison, Respondent, pro se

### CERTIFICATE OF SERVICE

I hereby certify that on _1/31/2022_ I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF System, which will automatically generate a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF System. The said Notice of Electronic Filing specifically identifies recipients of electronic notice.

Executed on January _31_, 2022

Anthony Lavison
_____
Anthony Lavison, Respondent, pro se

RESPONSE TO PETITION FOR RETURN OF CHILD
UNDER HAGUE CONVENTION
Page **11** of **12**

**Anthony James Lavison**
351 Polk Lane, Apt. C
Monroe, WA 98272
p: 971-217-1746