UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YESENIA RIVERA GABRIEL,<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>ANTHONY JAMES LAVISON,<br><br>　　　　　　　　　Respondent. | CASE NO. 2:22-cv-00006-TL<br><br>ORDER GRANTING CONTINUANCE AND GRANTING IN PART AND DENYING IN PART THE APPOINTMENT OF INTERPRETERS |

　　　　This matter is before the Court on Petitioner's motion for continuance and appointment of interpreters filed February 24, 2022. Dkt. No. 30. Petitioner requests that the evidentiary hearing in this matter be continued to March 29, 2022, and that certified Spanish language interpreters be appointed for the hearing at either Respondent's, the public's, or the Court's expense. For the reasons stated below, the Court GRANTS the motion for continuance and GRANTS IN PART and DENIES IN PART the motion for appointment of interpreters.

　　　　　　　　　　　　**I.　　BACKGROUND**

　　　　On January 31, the Court ordered the Parties to file a proposed joint scheduling order for proceeding to an evidentiary hearing on the merits of the petition by no later than February 11,

ORDER GRANTING CONTINUANCE AND GRANTING IN PART AND DENYING IN PART THE
APPOINTMENT OF INTERPRETERS - 1

2022. Petitioner's counsel filed a certification on February 10 documenting her unsuccessful efforts to confer with Respondent, which included a proposed scheduling order as directed by the Court. Considering Respondent's failure to comply with the Court's order to confer with Petitioner's counsel on the proposed schedule and receiving no objections to Petitioner's proposed schedule by the February 11 deadline, the Court entered a Scheduling Order in line with Petitioner's proposal and set an evidentiary hearing for March 22, 2022. Dkt. No. 26.

Petitioner's counsel then informed the Court and Respondent, by email, of a previously undisclosed conflict on March 22 and requested that the evidentiary hearing be continued to the week of March 29 or later. On February 17, the Court responded by email, informing the Parties of its availability on either March 29 or sometime during the following week. The Parties were directed to reply to the email by close of business on Friday, February 18, if there were any additional conflicts with any of the Court's proposed dates, and Petitioner's counsel was instructed to file a motion for continuance once everyone's availability was determined. Neither Party indicated unavailability on any of the Court's proposed dates.

On February 24, Petitioner filed a motion for continuance, as instructed, requesting the hearing be moved to March 29. Petitioner also included in the motion a request for the Court to appoint Spanish language interpreters for the hearing at either Respondent's, the public's, or the Court's expense.[1]

---

[1] Petitioner's motion was not correctly noted per LCR 7(b)(1) and (d). There is no indication that either of Petitioner's requests are unopposed, even though Respondent never responded to the Court's communications regarding resetting the evidentiary hearing date per Petitioner's conflict, and neither of the requests are a type of motion identified for same day consideration in the Court's local rules. *See* LCR 7(d)(1). Petitioner's motion brief should have been noted for consideration no sooner than March 11, 2022 and could have been summarily denied for failing to comply with this Court's rules. *See* LCR 7(d)(3); *see also* LCR 6(b) ("Motions to shorten time have been abolished.").

ORDER GRANTING CONTINUANCE AND GRANTING IN PART AND DENYING IN PART THE APPOINTMENT OF INTERPRETERS - 2

## II. CONTINUANCE

Finding good cause shown, the Court will continue the evidentiary hearing to March 29, 2022. All other deadlines will remain as scheduled. The Court notes that Respondent did not respond to its communication directing the parties to inform the court if they had any conflicts with the new proposed dates for the hearing. Consequently, the Court accepts Respondent's silence as confirmation of availability. The Parties are aware of the Court's intention to resolve this matter on an expedited basis in accordance with the Hague Convention on the Civil Aspects of International Child Abduction. *See* Dkt. No. 26. The Court will not entertain any other motions to delay the evidentiary hearing without a showing of extraordinary circumstances.

## III. APPOINTMENT OF INTERPRETERS

Petitioner requests the Court order the appointment of Spanish language interpreters for the hearing in this matter "at either the expense of Respondent, or at public expense, or from any funds available to the court." Dkt. No. 30 at 1. Petitioner is a Mexican national with limited English proficiency. *Id.* at 2-3. Petitioner intends to call four witnesses, all of whom are also Mexican nationals and native Spanish speakers. *Id.* at 3. Petitioner further states that the cost of securing U.S. District Court-certified interpreters would be prohibitive and financially unfeasible at this time. *Id.*

### A.  Appointment of Interpreters is Warranted

The Court finds this case warrants the appointment of interpreters. Federal Rule of Civil Procedure 43 provides that "[t]he court may appoint an interpreter of its choosing; fix reasonable compensation to be paid from funds provided by law or by one or more parties; and tax the compensation as costs." Fed. R. Civ. P. 43(d). The expedited nature of this proceeding, the central involvement of non-English speakers, and the importance of insuring that both parents can engage fully in the hearing creates a unique situation. Indeed, without certified interpreters,

the Court's record may not be sufficient to adequately address the important legal questions at stake in this matter. The Court therefore GRANTS the request for appointment of interpreters, so the Court may properly address the matter. The Court will arrange for the presence of certified interpreters at the evidentiary hearing on March 29.

**B.      Interpreter Cost-Shifting**

The Court finds that it would be premature to order the apportionment of interpreter costs at this juncture. Petitioner asks the Court to impose the interpreter costs on Respondent now, because he previously agreed to accept responsibility for the cost of private mediation—costs which have subsequently been eliminated because the Court referred the case to United States Magistrate Judge S. Kate Vaughan for a court-mediated settlement conference. *See* Dkt. Nos. 24, 27. While Respondent has not specifically opposed the cost-shifting request in Petitioner's motion,[2] the Court notes that his agreement to pay mediation costs was in the context of his willingness to expedite resolution of this matter through settlement, not a general acquiescence to paying all costs for Petitioner to bring her case. The Court acknowledges that the relevant federal statute provides for the apportionment of costs in a proceeding such as this, but the Court finds that Petitioner's request is currently premature.

In the alternative, Petitioner requests that either the public or the Court be made to bear the expense of appointing interpreters for the hearing. Petitioner identifies no authority to justify such cost-shifting in a civil case between private parties, correctly noting that the Court's obligation to appoint interpreters at the public's expense in cases initiated by the United States, under the Court Interpreters Act, 28 U.S.C. § 1827, does not apply here. Petitioner instead

---

[2] Per local rules, Respondent would normally have until March 7 to file an opposition to Petitioner's improperly noted motion. *See* LCR 7(b)(2), 7(d)(3). However, the portion of this order that might affect Respondent is premature, and this Order is not adverse to Respondent. Therefore, the Court will proceed with entering its Order at this time.

ORDER GRANTING CONTINUANCE AND GRANTING IN PART AND DENYING IN PART THE APPOINTMENT OF INTERPRETERS - 4

contends that cost-shifting is appropriate because parents enjoy a "constitutionally protected, fundamental liberty interest in the care, custody, and control of their children." Dkt. No. 30 at 5-6 (citing *Troxel v. Granville*, 530 U.S. 57 (2000)). But *Troxel* involves the visitation rights of grandparents, and Petitioner fails to explain how or why it should apply to the question of who should bear the cost of interpreter services in this case.

On the other hand, Petitioner does correctly cite the portion of the Court Interpreters Act that does apply under these circumstances, which permits the Court, where appropriate, to "make interpreter services available on either a cost-reimbursable basis or by requiring a prepayment of estimated expenses." Dkt. No. 30 at 5 (citing 28 U.S.C. § 1827(g)(1)). Thus, the Court DENIES, as premature, Petitioner's request that the expense of having interpreters at the hearing be shifted to the public or to the Court. Instead, the Court will arrange for the appointment of interpreters on a cost-reimbursable basis as contemplated by the Court Interpreters Act and Fed. R. Civ. P. 43(d). This means that the Court will pay any up-front costs necessary to secure interpreters for the hearing and will revisit the issue of how to apportion responsibility for reimbursing the Court for those costs, if necessary, at a later time.[3]

## IV.    CONCLUSION

Having considered Petitioner's motion and the remainder of the record, and finding responsive briefing unnecessary, the Court ORDERS that:

1. Petitioner's motion for a continuance is GRANTED and the evidentiary hearing is CONTINUED to **March 29, 2022**. All other dates remain the same. The evidentiary

---

[3] The court notes that Petitioner requires the interpreter services in order to fully present her case, whereas Respondent does not. But unlike Respondent, Petitioner may seek recompense for her necessary costs if she prevails. 22 U.S.C. § 9007 ("[L]egal fees or court costs incurred in connection with [a petition under the Hauge Convention] shall be borne by the petitioner . . . . [but] [a]ny court ordering the return of a child . . . shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner . . . unless the respondent establishes that such order would be clearly inappropriate.").

ORDER GRANTING CONTINUANCE AND GRANTING IN PART AND DENYING IN PART THE APPOINTMENT OF INTERPRETERS - 5

hearing will take place via Zoom. The parties will be provided access information for the virtual session in advance of the hearing. Participants are prohibited from sharing this information with any non-participant.

2. Petitioner's motion for appointment of interpreters is GRANTED IN PART and DENIED IN PART, as follows:

   a. The Court GRANTS the request to appoint interpreters and will arrange for the presence of certified Spanish-English interpreters at the March 29, 2022, hearing on a cost-reimbursable basis.

   b. The Court DENIES, as premature, Petitioner's request to require Respondent to pay all interpreter costs, or in the alternative, that the interpreters be appointed at the expense of the public or the Court.

   c. The Parties, and the Court, may revisit the issue of how to apportion the responsibility for reimbursing the Court for the interpreter costs, if necessary, at a later date.

IT IS SO ORDERED.

Dated this 1st day of March 2022.

Tana Lin
United States District Judge

ORDER GRANTING CONTINUANCE AND GRANTING IN PART AND DENYING IN PART THE APPOINTMENT OF INTERPRETERS - 6